IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUARDIAN FLIGHT LLC and MED-TRANS CORPORATION | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No._____ |
| HEALTH CARE SERVICE CORPORATION | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## COMPLAINT

Plaintiffs Guardian Flight LLC ("Guardian") and Med-Trans Corporation ("Med-Trans") (together "Plaintiffs") file this Complaint against Defendant Health Care Service Corporation ("HCSC") and would respectfully show the Court as follows:

## INTRODUCTION

1.      HCSC is a licensee of the Blue Cross and Blue Shield ("BCBS") Association and does business as BCBS in Texas, Oklahoma, Montana, New Mexico and Illinois.  Plaintiffs have network agreements for HCSC's Texas and Oklahoma operations.  However, HCSC has refused to extend its network rates to its operations in Montana, Illinois or New Mexico.  For those three states, HCSC simply uses the No Surprises Act ("NSA") to underpay Plaintiffs, forcing them to use the federal Independent Dispute Resolution ("IDR") process to obtain fair compensation.  Unfortunately, even then, HCSC violates federal law and fails to timely pay its IDR awards.  To date, it is nearly $1 million behind.  HCSC now forces Plaintiffs to file suit to obtain the money they are unquestionably owed.

**PARTIES**

2.      Plaintiff Guardian Flight, LLC is a Delaware limited liability company.  Its sole owner is GMR through a solely-owned limited liability holding company.  GMR is a Delaware corporation with its principal place of business in Texas.

3.      Plaintiff Med-Trans Corporation is a North Dakota corporation with its principal place of business in Texas.

4.      Defendant Health Care Service Corporation is an Illinois Mutual Legal Reserve Company, organized under the laws of Illinois, and an independent licensee of Blue Cross and Blue Shield Association.  Its principal place of business is 300 E. Randolph Street, Chicago, Illinois 60601.  Health Care Service Corporation may be served with of process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 75082.

**JURISDICTION AND VENUE**

5.      This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331-1332 as all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.  This Court also has subject matter jurisdiction under the NSA, which creates for air ambulance providers a direct, federal right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for the transport.  *See* 42 U.S.C. § 300gg-112(b)(6).  This amount must be paid within thirty days of the determination.  *Id.*

6.      Venue is proper under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which Defendant is subject to personal jurisdiction.  *See* 28 U.S.C. 1391(c)(2).  Venue is proper under 28 U.S.C. § 1391(b)(2) because it is a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred as most of the transports in question were destined for this judicial district.

## FACTUAL BACKGROUND

7.      The air ambulance industry plays an integral role in the American healthcare system.  Air ambulances often serve as the only lifeline connecting critically ill and injured patients to healthcare, particularly in rural areas.  They transport trauma, stroke, heart attack, and burn patients and other emergent cases requiring critical care.  Without air ambulances, more than 85 million Americans would not be able to reach a Level 1 or 2 trauma center within an hour when emergency care is needed.  The delivery of on-demand, life-saving air ambulance services in emergencies requires substantial investments in specialized aircraft, air bases, technology, personnel, and regulatory compliance systems.

8.      The NSA became effective January 1, 2022.  It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute resolution process to determine pricing for all out-of-network ("OON") emergency air ambulance transports of patients who are covered by commercial insurance.

9.      Under the NSA, a health plan has thirty (30) days from the date the bill is transmitted by the provider to pay or deny the claim.  42 U.S.C. § 300gg-112(a)(3)(A-B).  Insurers are allowed to initially pay to the OON provider whatever amount they choose.  If the payment is too low, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount.  *Id.* § (b)(1)(A).  If the negotiations fail, the provider may initiate the IDR process.  *Id.* § (b)(1)(B).

10.     The IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third party IDR entity.  *Id.* § (b)(5)(B)(i)(I).  The IDR entity then evaluates both proposed offers based on a number of statutory factors and selects one as the appropriate OON payment for the transport.  *Id.* § (b)(5)(C).   After an IDR determination, the health plan is required to pay any amount owed **within thirty (30) days**. *Id.* § (c)(6).

11.     Plaintiffs followed these steps for each of the transports at issue herein, most of which originated on the eastern border of New Mexico and ended within this judicial district.  Each IDR proceeding resulted in Plaintiffs being owed additional payments for each out-of-network transport.

12.     Each IDR determination concerns a health plan insured and/or administered by one or more divisions of HCSC operating under the Blue Cross and Blue Shield brand.  For each transport, HCSC made an initial payment on the claim.  HCSC does not disclose any information regarding its plans during the IDR process or on the Explanation of Payments ("EOP") that accompany the initial payment.  The patients who Plaintiffs transported have each assigned to Plaintiffs their benefits under their health plans.  Furthermore, the NSA created a right for out-of-network providers to be paid directly by payors such as HCSC.

13.     Despite the legal requirement that it pay the additional amounts owed within thirty days, HCSC has failed to do so.  As of August 16, 2023, the amounts awarded, unpaid and past due by HCSC through one or more of its operating divisions is nearly $1 million (before interest or penalties).  Plaintiffs seek herein all unpaid, past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs.  A chart listing the dispute numbers for amounts late and unpaid as of August 16, 2023, is attached hereto as Exhibit "A."  Lists of

_

awards issued after this date that are not timely paid and for which Plaintiffs seek payment and damages herein may be obtained during discovery as the IDR process is ongoing.

14.     With respect to self-funded plans administered by HCSC, the failure to timely pay IDR determinations was an abuse of discretion.  Plaintiffs have suffered damages as a result of the nonpayment, including interest on the amounts owed and collection costs.  In addition, HCSC has been unjustly enriched by retaining Plaintiffs' funds and generating interest or investment income.

**COUNT ONE (ALL IDR DETERMINATIONS)**
**ACTION FOR NONPAYMENT OF IDR DETERMINATIONS**
**(42 U.S.C. § 300GG-112(B)(6))**

15.     Plaintiffs incorporate by reference as if fully restated all preceding paragraphs.

16.     The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "shall be made directly to the nonparticipating provider not later than 30 days after the date on which such determination is made."  *See* 42 U.S.C. 300gg-111(c)(5)(E), 112(b)(6).  Thirty days passed without payment for all of the IDR determinations at issue herein.  HCSC has not challenged the awards.  It simply refuses to pay them.

17.     Plaintiffs are entitled to have the IDR determinations converted into a federal judgment and the assistance of this Court in post-judgment collection efforts.  It is further entitled to pre-judgment interest from the 31st day after each award was entered until the date judgment is entered and post-judgment interest thereafter until the judgment is satisfied.

**COUNT TWO (APPLICABLE TO HCSC'S SELF-FUNDED BUSINESS)**
**IMPROPER DENIAL OF BENEFITS**
**(ERISA SECTION 502(A)(1)(B), 29 U.S.C. § 1332(A)(1)(B))**

18.     Plaintiffs incorporate by reference as if fully restated all preceding paragraphs.

19.     Plaintiffs have been assigned the right to payment and benefits from HCSC's beneficiaries.  Accordingly, Plaintiffs step into the shoes of, and are now considered, ERISA

beneficiaries pursuant to 29 U.S.C. § 1002(8) for any self-funded plans HCSC is administering. As beneficiaries, they are entitled to plan benefits and have standing to bring claims under ERISA. HCSC is responsible for NSA compliance for the plans it administers. Plaintiffs are entitled to recover payment of plan benefits (emergency services coverage) from HCSC per the IDR determinations.

20.     Payment of out-of-network air ambulance transports in accordance with the NSA is a benefit of all ERISA plans providing coverage for emergency services. It is HCSC's responsibility to administer that benefit for the ERISA plans it administers. Open negotiations, the IDR process, including submitting position statements, and paying IDR awards from plan funds is what HCSC has agreed to do for plan beneficiaries in connection with administering their benefit plans. Thus, when HCSC violates the NSA through its nonpayment of IDR awards for air ambulance transports, it breaches its obligations to the self-funded plans it administers and to the plan beneficiaries.

21.     HCSC improperly denied plan benefits by failing to pay the IDR awards within thirty (30) days of each decision as required by federal law. HCSC's actions were in derogation of Plaintiff's rights pursuant to law. These actions also constituted an abuse of discretion by: 1) not properly interpreting plan terms that are not ambiguous; 2) exercising discretion over non-discretionary plan terms; and 3) denying Plaintiffs payment and benefits under the plan terms. Plaintiffs have exhausted their administrative remedies by following the NSA's procedures and obtaining an IDR award.

22.     HCSC's denials of payment and benefits upon the finality of IDR determinations were not substantially justified decision, were arbitrary and capricious, were unsupported by

substantial evidence, constituted abuse of any discretion allowed, and were wrongful under all the circumstances.

23.     Plaintiffs, as assignee, hereby assert a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B) to enforce their rights under the self-funded plans administered by HCSC, and to obtain their plan benefits, by compelling HCSC to use plan funds to pay Plaintiffs the IDR awards.  Pursuant to 29 U.S.C. § 1132(g), Plaintiffs further seek an award of reasonable attorney's fees and costs incurred in bringing this action.

## COUNT THREE (ALL IDR DETERMINATIONS)
### UNJUST ENRICHMENT

24.     Plaintiffs incorporate by reference as if fully restated all preceding paragraphs.

25.     HCSC received the benefit of air ambulance transports for its beneficiaries during times of emergent medical needs.  In many situations, lives were saved or more serious conditions avoided (and thus the costs associated therewith).  These transports were provided at Plaintiffs' expense and under circumstances that would make it unjust for HCSC to retain the benefit without commensurate compensation.

26.     HCSC had reasonable notice that Plaintiffs expected payment for the benefit conferred as it received an invoice for the service provided.  HCSC appreciates, realizes and knows that the benefit was conferred because it issued an explanation of benefits with partial payment. Thus, there was a direct connection between Plaintiff's impoverishment and HCSC's enrichment.

27.     The dispute over the value of the benefit received was resolved in accordance with the IDR procedure in the NSA, which required payment within thirty ("30") days of the IDR decision being issued.

28.     HCSC continued to improperly retain the required payment for the service provided past thirty days, which allowed it to become further unjustly enriched by receiving interest and/or investment income as a result of the unlawful retention of the funds, which were unquestionably owed to Plaintiffs.

29.     Plaintiffs hereby seek payment of the awards as well as all benefits obtained by HCSC as a result of not timely paying the award, including without limitation the interest or investment income generated by such funds.

## PRAYER

30.     WHEREFORE, Plaintiffs respectfully prays for judgment against HCSC as follows:

a.   Enforce the IDR determinations and issue judgment for the total amount outstanding plus pre- and post-judgment interest per 28 U.S.C. § 1961;

b.   Award Plaintiffs their costs of suit herein and reasonable attorney's fees pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g);

c.   Award Plaintiffs as damages the return on investment or interest rate realized by HCSC on the amount owed for each IDR award from the 31st day after each decision was issued until the date Plaintiffs received payment; and

d.   Award Plaintiffs their attorney's fees, costs, pre- and post-judgment interest, and any and all additional legal or equitable relief to which Plaintiffs may be entitled and this Court deems just and proper.

Dated:  August 18, 2023         NORTON ROSE FULBRIGHT US LLP

*/s/ Adam T. Schramek*
Adam T. Schramek, Lead Counsel
Texas Bar No. 24033045
98 San Jacinto Boulevard
Suite 1100
Austin, TX  78701-4255
Telephone:     (512) 474-5201
Facsimile:     (512) 536-4598
adam.schramek@nortonrosefulbright.com

Abraham Chang
Texas Bar No. 24102827
Dewey J. Gonsoulin III
Texas Bar No. 24131337
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246
abraham.chang@nortonrosefulbright.com
dewey.gonsoulin@nortonrosefulbright.com

**ATTORNEYS-IN-CHARGE FOR PLAINTIFFS**

31.

| DISP # | Call # | Days Late | GMR Entity | Amount Due |
|---|---|---|---|---|
| DISP-18703 | 0622000543A | 252 | Guardian Flight | $98,308.12 |
| DISP-209287 | 0222063943A | 134 | Med-Trans | $33,919.54 |
| DISP-204137 | 0222074833A | 132 | Med-Trans | $29,240.00 |
| DISP-202105 | 0622007785A | 121 | Guardian Flight | $30,485.23 |
| DISP-204179 | 0622014630A | 121 | Guardian Flight | $30,655.49 |
| DISP-226239 | 0222085077A | 118 | Med-Trans | $6,520.48 |
| DISP-229917 | 0622019435A | 117 | Guardian Flight | $24,467.65 |
| DISP-224233 | 0222052855A | 117 | Med-Trans | $31,143.79 |
| DISP-209289 | 0222063943A | 117 | Med-Trans | $34,121.28 |
| DISP-277602 | 0622028142A | 96 | Guardian Flight | $1,194.03 |
| DISP-259499 | 0622012870A | 94 | Guardian Flight | $16,085.91 |
| DISP-279497 | 0222029560A | 94 | Med-Trans | $23,332.40 |
| DISP-259496 | 0622012870A | 92 | Guardian Flight | $20,840.00 |
| DISP-273002 | 0222086727A | 92 | Med-Trans | $21,835.82 |
| DISP-277597 | 0622027210A | 92 | Guardian Flight | $31,285.23 |
| DISP-277605 | 0622028142A | 92 | Guardian Flight | $37,285.23 |
| DISP-250781 | 0222059191A | 90 | Med-Trans | $40,618.00 |
| DISP-279496 | 0222029560A | 89 | Med-Trans | $19,502.60 |
| DISP-286656 | 0222089711A | 89 | Med-Trans | $21,314.48 |
| DISP-309906 | 0222070516A | 83 | Med-Trans | $37,002.28 |
| DISP-226337 | 0222085771A | 81 | Med-Trans | $2,999.89 |
| DISP-169382 | 0222018754A | 77 | Med-Trans | $793.40 |
| DISP-250786 | 0222059191A | 57 | Med-Trans | $34,630.00 |
| DISP-325891 | 0222101785A | 56 | Med-Trans | $24,295.00 |
| DISP-264352 | 0222093298A | 56 | Med-Trans | $29,342.90 |
| DISP-360334 | 0222100046A | 50 | Med-Trans | $29,748.40 |
| DISP-406900 | 0223001671A | 25 | Med-Trans | $36,717.60 |
| DISP-350207 | 0222044540A | 13 | Med-Trans | $43,365.80 |
| DISP-264220 | 0622025500A | 95 | Guardian Flight | $14,120.00 |
| DISP-264224 | 0622025500A | 95 | Guardian Flight | $5,253.00 |
| DISP-421627 | 0322031326A | 25 | Guardian Flight | $40,982.00 |
| DISP-348164 | 0622027915A | 32 | Guardian Flight | $67,178.00 |
| DISP-348174 | 0622027915A | 32 | Guardian Flight | $19,332.00 |
|  |  |  |  | **$937,915.55** |